**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

**TIRON ALEXANDER,**

    **Plaintiff,**

    -against-                                        No. _____

**AMERICAN AIRLINES, INC.,**              **COMPLAINT**

    **Defendant.**

-------------------------------------------------------------x

## Introduction

    Plaintiff Tiron Alexander, appearing pro se, for his Complaint against Defendant American Airlines INC., respectfully alleges as follows:

### NATURE OF THE ACTION

    1.    This action arises from Defendant American Airlines, Inc.'s issuance of a Corporate Security event number for a reported safety and security incident, its failure to conduct, document, or preserve any bona fide investigation associated with that event, and its subsequent written misrepresentation that the matter had been handled by Corporate Security.

2. Defendant's representations concerned matters uniquely within its knowledge and control and were made in circumstances where accurate information was reasonably expected and foreseeably relied upon.

3. This action does not assert claims requiring administrative exhaustion and is independent of any pending or prior administrative proceedings.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, including the arrival and completion of the subject flight at LaGuardia Airport in New York, and because Defendant conducts substantial business in this District.

## PARTIES

6. Plaintiff is an individual who, at all relevant times, was employed by Defendant and present in the Southern District of New York in connection with the events giving rise to this action.

7. Defendant American Airlines, Inc. is a Delaware corporation with its principal place of business in Fort Worth, Texas and maintains substantial operations in New York.

## FACTUAL ALLEGATIONS

8. On August 22, 2022, Plaintiff reported a serious safety and security incident aboard American Airlines Flight 4609 (ATL–LGA), which landed and completed its flight in New York within this District.

9. Defendant acknowledged receipt of Plaintiff's report and assigned Corporate Security Event Number 2156.

10. The assignment of a Corporate Security event number represents that the incident has been formally logged and referred for handling by Defendant's Corporate Security function.

11. On March 29, 2024, Defendant, through Corporate Security personnel, transmitted a written communication confirming Event Number 2156 and affirmatively representing that the matter had been handled by Corporate Security.

12. Defendant made this representation in the course of responding to inquiries regarding the status and handling of the reported incident.

13. Plaintiff reasonably relied on Defendant's representation in believing that a bona fide investigation had been conducted and documented.

14. Upon subsequent inquiry, Defendant asserted that no investigation file or records could be located for Corporate Security Event Number 2156.

15. Defendant's assertion that no records exist contradicts its prior representation and supports the inference that either no investigation was conducted or that responsive records were not preserved.

16. Defendant knew or should have known that litigation concerning the incident and its handling was reasonably foreseeable and that accurate recordkeeping and preservation were required.

17. Defendant's conduct deprived Plaintiff of accurate information, impaired his professional standing, and caused concrete and ongoing harm.

18. On January 7, 2026, Defendant, through its counsel, transmitted a written email to Plaintiff in response to Plaintiff's demand letter.

19. In that communication, Defendant's counsel stated that she had "attempted to investigate" Plaintiff's allegations and that "corporate security has no complaint/investigation with the number you provided."

20. Defendant's counsel further requested that Plaintiff identify the individual with whom he had communicated and provide additional information regarding the incident, as well as a copy of Defendant's March 29, 2024 correspondence.

21. Defendant's January 7, 2026 communication constitutes an admission that, following an internal inquiry, Defendant was unable to locate any Corporate Security complaint or investigation associated with Corporate Security Event Number 2156.

22. This admission directly contradicts Defendant's prior written representation that the matter had been handled by Corporate Security and supports the inference that either no investigation was conducted or that responsive records were not preserved.

23. Defendant's acknowledgment that no such records exist was made after Defendant knew or reasonably should have known that litigation concerning the incident and its handling was foreseeable.

24. As a result, Defendant's representations, recordkeeping failures, and inability to produce investigative records have caused Plaintiff concrete harm and give rise to the claims asserted herein.

## LITIGATION AND PRESERVATION HOLD NOTICE

25. As of the filing of this Complaint, Defendant is on actual and constructive notice of reasonably foreseeable litigation concerning Corporate Security Event Number 2156 and the August 22, 2022 incident.

26. Defendant has an obligation to preserve all documents, data, and electronically stored information potentially relevant to this action, including Corporate Security logs, investigative materials, communications, audio or video recordings, flight records, personnel records, and metadata.

27. This obligation extends to materials maintained by Corporate Security, management personnel, third-party vendors, and any backup, archive, or disaster recovery systems.

28. Defendant is required to suspend any routine document destruction, deletion, or overwriting policies that may affect such materials.

29. Plaintiff reserves the right to seek sanctions, adverse inference instructions, or other relief for any failure to comply with these preservation obligations.

## CLAIMS FOR RELIEF

COUNT I – Negligent Misrepresentation

30. Defendant owed Plaintiff a duty to provide accurate information regarding the handling of reported safety and security incidents, particularly where Defendant voluntarily undertook to provide such information.

31. Defendant negligently provided false or misleading information by representing that Corporate Security Event Number 2156 had been handled by Corporate Security. Defendant knew or should have known that Plaintiff would rely on this information. Plaintiff reasonably relied on Defendant's representation and suffered damages as a result.

COUNT II – Breach of the Implied Covenant of Good Faith and Fair Dealing

32.     Defendant breached the implied covenant of good faith and fair dealing by acting dishonestly and in bad faith in its handling of the reported incident and its representations concerning that handling.

COUNT III – Spoliation / Failure to Preserve (Adverse Inference and Equitable Relief)

33.     Defendant had a duty to preserve records related to Corporate Security Event Number 2156 when litigation was reasonably foreseeable. Defendant failed to preserve or produce such records. Plaintiff seeks appropriate adverse inference instructions and equitable relief.

COUNT IV – Declaratory Relief

34.     An actual, concrete controversy exists regarding whether an investigation occurred and whether Defendant's representations concerning Corporate Security Event Number 2156 were accurate. Plaintiff seeks a declaration resolving these issues.

## PRAYER FOR RELIEF

35. Plaintiff respectfully requests judgment awarding:

A. Compensatory damages in an amount to be determined at trial;

B. Declaratory and equitable relief;

C. Appropriate adverse inference relief;

D. Costs of this action; and

E. Such other relief as the Court deems just and proper.

## JURY DEMAND

36. Plaintiff demands a trial by jury on all issues so triable.

## EEOC CARVE-OUT AND NON-PRECLUSION ALLEGATIONS

37. Plaintiff has filed a charge with the Equal Employment Opportunity Commission arising from related employment events. This action does not assert claims requiring administrative exhaustion. The claims asserted herein arise from Defendant's post-incident representations and recordkeeping practices and are independent of any claims pending before the EEOC. Plaintiff expressly reserves the right to amend this Complaint.

DATED: January 9, 2026

*Tiron Alexander* (signed electronically 1/9/26)

s/Tiron Alexander

Plaintiff, Pro Se
4400 Amon Carter Boulevard Unit 155024
Fort Worth, Texas 76155
Tuffytufft1@yahoo.com

---

## CERTIFICATE OF SERVICE

I hereby certify that on this 08 day of January, 2026, I caused a true and correct copy of the foregoing document to be served upon Defendant American Airlines, Inc. by depositing the same in the United States Mail, first-class postage prepaid and electronic mail, addressed as follows:

Ellen Perlioni, Esq.
American Airlines, Inc.
Office of the General Counsel
1 Skyview Drive
Fort Worth, Texas 76155

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 9, 2026

*Tiron Alexander* (signed electronically 1/9/26)

s/ Tiron Alexander
Plaintiff, Pro Se

4400 Amon Carter Boulevard Unit 155024
Fort Worth, Texas 76155
Tuffytufft1@yahoo.com

# Exhibit A

**Ellen Perlioni**
To: me · Wed, Jan 7 at 10:35 AM

Hello Mr. Alexander,

Your demand letter was forwarded to me for analysis and a response. Please direct all future communications regarding this matter to my attention. First, I understand that the Company provided you with your personnel records in response to your original request. Second, I have attempted to investigate your allegations, and corporate security has no complaint/investigation with the number you provided. Can you provide the name of the individual with whom you communicated and more information about the incident? Also, I will need a copy of the March 29, 2024 letter you reference. As it stands, I have no idea what that letter entails.

Once you provide this information, I can better analyze your letter and the Company's response.

Regards,


Ellen L. Perlioni
Director and Senior Attorney – Labor & Employment

1 Skyview Drive, MD 8B503, Fort Worth, Texas
682.278.6971 Office | 469.704.8141 Mobile
email: ellen.perlioni@aa.com



PRIVILEGED AND CONFIDENTIAL - attorney/client communication and/or attorney work product