UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIRON ALEXANDER,

Plaintiff,

-against-

AMERICAN AIRLINES, INC.,

Defendant.

26-CV-0242 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Texas, brings this action *pro se*. Plaintiff asserts claims against

Defendant American Airlines, Inc., based on an alleged safety incident on August 22, 2022, at La

Guardia Airport in Queens County, New York. For the following reasons, this action is

transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim
> occurred . . . ; or (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in which any defendant is
> subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff invokes the Court's federal question jurisdiction but asserts only state-law claims against American Airlines Inc. for negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and spoliation. Plaintiff indicates that although he had worked for Defendant American Airlines, Inc. and has filed a discrimination charge with the Equal Employment Opportunity Commission, this action does not involve such employment claims.[1] (ECF 1 at 8.) It therefore appears that the general venue provision applies to Plaintiff's claims.

Plaintiff alleges that venue is proper in this district because the events giving rise to his claims took place at La Guardia Airport, which he describes as being located in this district. La Guardia Airport is in Queens County, which is within the Eastern District of New York. 28 U.S.C. § 112(c). Because the events giving rise to Plaintiff's claims are described as having occurred in Queens County, venue under Section 1391(b)(2) is proper in the Eastern District of New York.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to

---

[1] On June 5, 2025, Plaintiff was convicted of multiple counts of wire fraud and of entering into a secure area of an airport by false pretenses. *United States v. Alexander*, 24-CR-20466 (S.D. Fla. 2024). According to documents filed by the Federal Aviation Administration (FAA), the FAA issued an Immediately Effective Order of Revocation on November 21, 2025, revoking Plaintiff's airman certificates in accordance with 49 U.S.C. § 46111 and 14 C.F.R. § 3.20. A1-A3. *See Alexander v. Federal Aviation Admin.*, No. 25-8024 (9th Cir. Jan. 12, 2026) (Dkt. 15) (Response to Motion to Stay).

sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (discussing deference to plaintiff's choice of venue in context of *forum non conveniens* analysis).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County. Plaintiff does not reside in this district and appears to have initiated proceedings in this district in error. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").[2]

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

---

[2] Plaintiff filed a substantially similar action that was dismissed without prejudice as a duplicate of this action. *Alexander v. American Airlines, Inc.*, No. 26-CV-0498 (LTS) (S.D.N.Y.). A transfer order was incorrectly titled for that action, 26-CV-0498 (ECF 5), and the Court directs the Clerk of Court to vacate that order.

without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 17, 2026
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

4